IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW WOJTASZEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-317 JPG |
| ) | |
| DR. LITHERLAND, MS. CORRELL, and ) | |
| PAMELA MORAN, ) | |
| ) | |
| Defendants. | |

**ORDER**

Currently pending before the Court is Defendant Pamela Moran's Motion for a More Definite Statement (Doc. 15) and Plaintiff Matthew Wojtaszek's Motion for Leave to File a Second Amended Complaint (Doc. 29). For the reasons set forth below, the Motion for Leave to Amend is **GRANTED** and the Motion for a More Definite Statement is found to be **MOOT**.

**BACKGROUND**

Plaintiff, an inmate in the Jacksonville Correctional Center, filed this action on April 29, 2008, alleging that Defendants acted with deliberate indifference to his serious medical needs in violation of 42 U.S.C. § 1983 by improperly treating his decaying, painful teeth. The Court conducted its threshold review of the complaint on October 6, 2008, and referred the case to the undersigned magistrate judge for pretrial disposition (Doc. 7). On October 16, 2008, Plaintiff filed a Motion to Supplement the Complaint (Doc. 10), which the Court denied as moot because Fed. R. Civ. P. allows a party to amend its pleading "once as a matter of course" before being served with a responsive pleading. Because no defendant had yet answered, the Court informed Plaintiff that he need not seek leave to amend the complaint (Doc. 11). On November 10, 2008, Plaintiff filed his amended complaint (Doc. 13). The "amended complaint" included three paragraphs which

alleged deliberate indifference against the three defendants and three paragraphs which requested punitive and compensatory damages. The amended complaint included no supporting facts. The amended complaint also did not include a statement that it adopts or incorporates the original complaint. On November 24, 2008, Defendant Pamela Moran filed a Motion for More Definite Statement (Doc. 15). Defendant Moran stated, "Plaintiff's Amended Complaint alleges Defendant Moran was deliberately indifferent to an unnamed serious medical need. However, Plaintiff does not include dates as to when defendant Moran was deliberately indifferent or include additional facts such that Defendant Moran could reasonably file a response to Plaintiff's claims."

In December 2008, Plaintiff retained counsel (Doc. 17). After initial investigation of the case, Plaintiff's counsel determined that Plaintiff did not state crucial facts in his initial or amended complaint. Plaintiff now seeks leave to file a second amended complaint that includes additional factual statements regarding the claims at issue in the case and joins an additional defendant, Wexford Health Sources, Inc ("Wexford"). Defendants have not responded to the Motion for Leave to File a Second Amended Complaint.

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Federal Rule of Civil Procedure15(a)(1)(A) provides that "[a] party may amend his pleading once as a matter of course before being served with a responsive pleading." Under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court is instructed to "freely give leave when justice so requires." Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BMW Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The trial court should consider any prejudice the non-moving party would suffer as a result of amendment. See Knapp v. Whitaker,

2

757 F.2d 827, 849 (7th Cir. 1985) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 331 (1971)).

Federal Rule of Civil Procedure 20(a)(2) governs joinder of defendants and provides that defendants may be joined in an action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Plaintiff argues that Wexford Health Sources employed Defendants Litherland and Corell during the relevant time period during which Plaintiff alleges they failed to treat his dental needs. Thus, claims against Wexford arise "out of the same transaction, occurrence, or series of transactions or occurrences." Plaintiff further argues that there exist common questions of both law and fact.

Under SDIL-LR 7.1(g), Defendants had ten days in which to respond to Plaintiff's motion. That ten-day period has expired, and Defendants have not filed a response in opposition to the motion for leave to amend the complaint.[1] The Court finds no indication that Defendants would be prejudiced by allowing Plaintiff to amend the complaint, nor does it find any sign of undue delay, bad faith, dilatory motive, or futility. The Court also finds permissible joinder of Wexford as a defendant. Furthermore, by not responding to the motion, Defendants have forgone their opportunity to make any of these assertions.

Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 29) is **GRANTED**. Plaintiff shall electronically file the amended complaint on or before **April 20, 2009**.

---

[1] Under the local rule, the Court, in its discretion, may consider failure to respond to a motion an admission of its merits.

## MOTION FOR MORE DEFINITE STATEMENT

The Court has granted Plaintiff leave to file an amended complaint that will clarify and supplement the facts alleged. Thus, the Court finds Defendant Moran's Motion for A More Definite statement to be **MOOT**.

**IT IS SO ORDERED.**

**DATED: April 15, 2009**

<span style="margin-left: 50%;">*s/ Donald G. Wilkerson*<br>**DONALD G. WILKERSON**<br>**United States Magistrate Judge**</span>