UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW WOJTASZEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-317-JPG |
| ) | |
| DR. LITHERLAND, MS. CORRELL, ) | |
| PAMELA MORAN, AND WEXFORD ) | |
| HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Now pending before the Court is Defendant Pamela Moran's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 38). For the reasons set forth below, this motion is **GRANTED**.

### BACKGROUND

Plaintiff Matthew Wojtaszek filed a *pro se* complaint in this action on April 29, 2008, alleging that Defendants Litherland, Correll, and Moran were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Plaintiff alleged that Defendants refused to provide him dental treatment for two painful, infected teeth, insisting that he consent to the extraction of two other non-symptomatic teeth first. Upon threshold review under 28 U.S.C. § 1915A, the District Court found that Plaintiff stated a claim of deliberate indifference against all defendants (Doc. 7). Plaintiff filed a *pro se* amended complaint on November 10, 2008 (Doc. 13). Plaintiff's retained counsel entered appearances on December 9, 2008, and filed a Second Amended Complaint on April 15, 2009 (Doc. 34), which added Wexford Health Sources, Inc. as a Defendant. On April 29, 2009, Defendant Pamela Moran filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 38).

*Plaintiff's Second Amended Complaint*

After Defendants Litherland and Correll refused to treat his painful cavities, Plaintiff filed a grievance complaining of the lack of treatment. The grievance officer, Defendant Moran, responded to the grievance as follows:

Facts Reviewed:

Dr. Litherland, DMD, responds that Mr. Wojtaszek is in need of several dental extractions as indicated from his dental x-rays and previous oral exams. Dental restoration will be utilized after all severely decayed symptomatic, non-restorable teeth are removed. Standard dental protocol dictates removal of non-restorable teeth before operative procedures performed. Dr. Litherland states this patient was informed of this mode of treatment, however refused dental extractions on two occasions. He may submit a request to begin recommended procedures.

Recommendation:

Based upon a total review of all available information, this Grievance Officer recommends that the grievance be denied. It appears Dr,. Litherland has outlined a treatment plan that inmate Wojtaszek will not agree to. Dr. Litherland states the plan is based on standard dental protocol. Inmate Wojtaszek is encouraged to allow treatment in order to benefit his health; he certainly may request medication for pain while treatment proceeds.

(Doc. 34-2, p. 17).

As relevant to Defendant Moran, the second amended complaint includes the following paragraphs:

47.  Plaintiff filed a grievance on July 17, 2007, regarding Litherland's and Correll's failure to treat teeth 7 and 8 or the pain associated therewith.

49.  On or about August 7, 2007, Plaintiff forwarded his grievance to the grievance officer, Moran. On or about September 10, 2007, Moran denied Plaintiff's request for treatment, even though Moran knew or should have known Litherland and Correll had violated Directive 04.03.102 and, therefore, Moran should not have relied, and indeed was not entitled to rely, upon the alleged professional judgment of Litherland and Correll.

50.  On or about October 9, 2007, Plaintiff forwarded his July 17, 2007 grievance to the

> Administrative Review Board. The grievance included Moran's improper denial of Plaintiff's request for treatment as well as the violations by Litherland and Correll of Directive 04.03.102. The grievance plainly indicated that Moran knew or should have known that the conduct of Litherland and Correll towards Plaintiff violated Directive 04.03.102 as well as Plaintiff's constitutional and statutory rights and, therefore, Moran's purported reliance on the professional judgment of Litherland and Correll was unreasonable.

(Doc. 34, pp. 10-11).

*Moran's Motion to Dismiss*

In the motion and concurrently-filed memorandum of law, Defendant Moran argues, pursuant to FED. R. CIV. P. 12(b)(6), that Plaintiff's Second Amended Complaint fails to state a claim against her. Moran, a grievance officer, argues that non-medical employees are entitled to defer to the professional judgment of medical professionals regarding the medical care of a prisoner. Moran further argues that her only duty to the Plaintiff was to respond to his grievances, which she did. Thus, she concludes, Plaintiff has failed to state a claim of deliberate indifference against her.

In response, Plaintiff argues that the complaint does state a claim against Defendant Moran that she was deliberately indifferent to Plaintiff's serious medical needs because she was aware that Defendants Litherland and Correll were not treating Plaintiff's cavities at all. As a result, she was not entitled to rely on the medical judgment of Litherland and Correll. Furthermore, Plaintiff argues that the risk to his health was obvious to a lay person. Thus, Defendant Moran should be held responsible for deliberate indifference to Plaintiff's serious medical needs.

## ANALYSIS

*Deliberate Indifference*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the Plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). With respect to the objective component of that inquiry, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Foelker v. Outagamie County,* 394 F.3d 510, 512-513 (7th Cir. 2005) (citation omitted).

Second, a prisoner must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citations omitted). A plaintiff does not have to prove that his complaints of pain were "literally ignored," but

4

only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).

The Seventh Circuit has consistently declined to hold responsible non-medical prison officials who investigate and respond to grievances for deliberate indifference to a prisoner's serious medical needs where the official relied upon the advice of medical experts. *See Burks v. Raemisch*, 555 F.3d 592, 594-95 (7th Cir. 2009); *Hayes v. Snyder*, 546 F.3d 516, 526-27 (7th Cir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006); *Greeno*, 414 F.3d at 656. In *Burks*, the Court specifically rejected the view "that everyone who knows about a prisoner's problem must pay damages." 555 F.3d at 595. The Court opined that liability could attach, for example, to a complaint examiner "who routinely sent each grievance to the shredder without reading it," or "who intervened to prevent the medical unit from delivering needed care." *Id.*

### *Motion to Dismiss*

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in

5

*Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

Turning to the sufficiency of Plaintiff's complaint, the Court finds that Plaintiff's allegations regarding the conduct of Defendant Moran contain conclusory legal statements that are not entitled to be assumed true under the standard set forth in *Twombly* and *Iqbal*. Plaintiff's allegation that Moran was not entitled to rely on the medical judgment of Dr. Litherland is not a statement of fact entitled to the presumption of truth, but a conclusory legal assertion. The same goes for Plaintiff's statement that Defendant Moran "knew or should have known" that the conduct of Defendants Litherland and Correll violated Plaintiff's constitutional rights. This is a legal conclusion, not a statement of fact entitled to the presumption of truth.

Furthermore, the facts that Plaintiff does provide in the claims against Defendant Moran are insufficient to demonstrate that she acted with the requisite knowledge of a substantial risk of harm. The Court takes as true the facts that Plaintiff filed a grievance regarding the lack of treatment for his teeth, and Moran denied the grievance after consulting with Defendant Litherland who told her that Plaintiff was not cooperating with the prescribed course of treatment and that the course of treatment was based on standard dental protocol. At best, these facts imply only a mere possibility that Defendant Moran acted unlawfully. They do not, however, allow the court to "draw the reasonable inference" that Defendant Moran is liable for deliberate indifference. Thus, Plaintiff's claims are not factually plausible as required in *Twombly* and *Iqbal*. Consequently, Plaintiff has not sufficiently demonstrated that he is entitled to relief against Defendant Moran. Because the facts alleged and accepted as true by the Court do not plausibly suggest that Defendant Moran acted with deliberate indifference to Plaintiff's serious medical needs, the Motion to Dismiss (Doc. 38) must be **GRANTED**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED:  March 26, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**